**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MONARCH NETWORKING SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.;<br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendants. | Civil Action No. 2:20-CV-00015-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PENDING PROCEEDING TO DECIDE OWNERSHIP OF THE ASSERTED PATENTS

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

I.     INTRODUCTION ..................................................................................................1

II.    THE THREE *SOVERAIN* FACTORS HEAVILY FAVOR A STAY PENDING
THE DELAWARE CASE. ......................................................................................1

      A.    Monarch Does Not Dispute The Facts Underlying The First and Third
*Soverain* Factors..................................................................................................2

      B.    The Second *Soverain* Factor Favors A Stay Because Slingshot Seeks
Rescission In Delaware And Rescission Would Require Dismissal Here...............3

            1.    Slingshot Seeks To Rescind Monarch's Patent Assignment. ......................3

            2.    The Court Should Not Address Monarch's Arguments Regarding
Delaware Black Letter Law. .......................................................................3

            3.    Monarch's State Law Contract Arguments Are Incorrect. .........................4

III.    CONCLUSION......................................................................................................5

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Constellation IP, LLC v. The Allstate Corp.*,
No. 7-CV-132, 2008 WL 4787625 (E.D. Tex. May 12, 2008)..........................................2

*Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*,
No. CV 7906, 2014 WL 6703980 (Del. Ch. Nov. 26, 2014).............................................4

*Motorola Mobility, Inc. v. TiVo, Inc.*,
No. 11-CV-53, 2011 WL 13196554 (E.D. Tex. July 6, 2011) ...........................................2

*Neville v. Aldridge Constr., Inc.*,
No. 17-CV-8929, 2018 WL 3472189 (C.D. Cal. Apr. 10, 2018) ......................................4

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-CV-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................2

*Pinter v. Dahl*,
486 U.S. 622 (1988)...........................................................................................................5

*Rmail Ltd. v. Amazon.com, Inc.*,
No. 10-CV-258, 2014 WL 11394910 (E.D. Tex. Jan. 30, 2014).......................................2

*RPost Holdings, Inc. v. Exacttarget, Inc.*,
No. 12-CV-512, 2014 WL 12703780 (E.D. Tex. Sept. 29, 2014)......................................2

*Schlosser & Dennis, LLC v. Traders Alley, LLC*,
No. 5-CV-190, 2017 WL 2894845 (Del. Super. Ct. July 6, 2017)....................................5

*Soverain Software LLC v. Amazon.Com*,
356 F.Supp.2d 660 (E.D. Tex. 2005).......................................................................1, 2, 3

## Other Authorities

12A C.J.S. Cancellation of Inst. § 96 (West 2020).........................................................4

## I.      INTRODUCTION

The three *Soverain* factors heavily favor a stay of this case.  Monarch does not challenge the facts underlying the first and third factors.  Instead, Monarch focuses the majority of its brief on the second *Soverain* factor, incorrectly asserting that the Delaware court cannot rescind the patent assignment agreements leading to Monarch's alleged ownership of the patents-in-suit.

*First*, Monarch argues that rescission is not available in Delaware because the Delaware-case plaintiff Slingshot does not seek rescission.  But that is demonstrably false based on the Delaware complaint (D.I. 40-2 at 83) and Monarch's concession in its complaint in this case.  (D.I. 1 ¶ 6.)  Accordingly, Slingshot's rescission claim remains viable until ruled otherwise by the Delaware court.  Critically, Monarch does not contest that rescission in Delaware would create an incurable standing defect that would require the Court to dismiss this case.

*Second,* Monarch contends that the Delaware court cannot rescind the patent assignment agreements "[a]s a matter of black letter Delaware law."  (D.I. 40 at 6.)  Although Monarch's arguments are legally and factually wrong, the Court should decline to make collateral rulings in the co-pending state court contract dispute, particularly when those rulings would not impact that case.  Instead, the Court should await resolution of Slingshot's rescission claim in Delaware.

Accordingly, Defendants respectfully request that the Court stay the case until the Delaware court resolves Slingshot's claims for rescission of the patent assignments to Monarch.

## II.     THE THREE *SOVERAIN* FACTORS HEAVILY FAVOR A STAY PENDING THE DELAWARE CASE.

As an initial matter, Monarch incorrectly contends that the *Soverain* factors apply only to "a different stay context—namely, when deciding whether to stay litigation pending reexamination of a patent."  (D.I. 40 at 13.)  Monarch is wrong.  This Court has applied the *Soverain* factors specifically when deciding whether to ***stay a case in light of a parallel proceeding to decide patent***

*ownership*.  *See, e.g.*, *Rmail Ltd. v. Amazon.com, Inc.*, No. 10-CV-258, 2014 WL 11394910, at

*5–6 (E.D. Tex. Jan. 30, 2014); *RPost Holdings, Inc. v. Exacttarget, Inc.*, No. 12-CV-512, 2014

WL 12703780, at *2–3 (E.D. Tex. Sept. 29, 2014).[1]

### A.    Monarch Does Not Dispute The Facts Underlying The First and Third *Soverain* Factors.

With respect to the first *Soverain* factor, Monarch cannot dispute that ***it faces no undue***

***prejudice***:  Monarch knew of the Delaware case before filing suit, does not compete with either

Defendant, has no real-world presence, seeks no preliminary injunction, and requests only

monetary relief.  (D.I. 31 at 8–10.)  Monarch's only claimed prejudice—its right to timely enforce

its patents and the asserted "indefinite" nature of the stay—does not show undue prejudice.  (D.I.

40 at 14.)  *First*, the inherent delay in granting a stay "is present in every case in which a patentee

resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion."  *NFC Tech.*

*LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2–3 (E.D. Tex. Mar. 11, 2015).

*Second*, Monarch's "indefinite" argument also fails because courts regularly stay cases pending

parallel proceedings that are "indefinite" in nature.  For example, the *Motorola* court granted a

stay pending an earlier-filed parallel district court action, and found that the "indefinite" length of

the stay did not unduly prejudice the plaintiff.  *Motorola Mobility, Inc. v. TiVo, Inc.*, No. 11-CV-

53, 2011 WL 13196554, at *2–3 (E.D. Tex. July 6, 2011); *see also Constellation IP, LLC v. The*

*Allstate Corp.*, No. 7-CV-132, 2008 WL 4787625, at *2 (E.D. Tex. May 12, 2008) (granting stay

and finding no undue prejudice pending "indefinite" reexamination).

With respect to the third *Soverain* factor, Monarch cannot dispute that the procedural

posture of Defendants' motion, filed ***the exact same day they answered Monarch's complaint***,

---

[1] Monarch tries to distinguish *Rmail* and *RPost* because Slingshot's formal counts do not use the word "fraud."  (D.I. 40 at 1, 5, 9–10.)  But several of Slingshot's claims sound in fraud, including the willful and malicious theft of trade secrets.  (*See, e.g.*, D.I. 40-2 ¶¶ 136, 152, 153.)

weighs heavily in favor of a stay.  (D.I. 31 at 11–12.)  Simply put, Defendants filed their motion at the earliest possible opportunity.  Monarch's only retort—that this factor alone "is not dispositive" (D.I. 40 at 15)—effectively concedes that this factor favors a stay.

**B.    The Second *Soverain* Factor Favors A Stay Because Slingshot Seeks Rescission In Delaware And Rescission Would Require Dismissal Here.**

Monarch does not dispute that the Court must dismiss this case—the ultimate simplification—if the Delaware court rescinds the patent assignments to Monarch or its parent. (D.I. 40 at 9–10.)  Instead, Monarch incorrectly asserts that the Delaware court cannot rescind the patent assignments leading to its purported ownership of the patents-in-suit.  (D.I. 40 at 14–15.)

**1.    Slingshot Seeks To Rescind Monarch's Patent Assignment.**

Contrary to Monarch's arguments, Slingshot's Delaware complaint explicitly seeks an order "*[r]escinding Defendant Acacia's acquisition of the Orange Patent Portfolio and ARG's assignment of the patents contained in that portfolio to* any entities under common ownership or control with Defendants, including *Monarch*."  (D.I. 40-2 at 83.)  Indeed, Monarch's complaint in this case concedes that Slingshot is "*seeking to rescind the sales transaction that led to Acacia's (and subsequently Monarch's) acquisition of the Asserted Patents*."  (D.I. 1 ¶ 6.)  Although Monarch is entitled to dispute Slingshot's claim for rescission, it cannot deny that Slingshot requested rescission in Delaware, and if that request is granted, the Court must dismiss this case.

**2.    The Court Should Not Address Monarch's Arguments Regarding Delaware Black Letter Law.**

Monarch invites this Court to find "[a]s a matter of black letter Delaware law" that the Delaware court cannot rescind the patent assignment agreements to Monarch or its corporate parent.  (D.I. 40 at 6–9.)  Rather than accepting Monarch's invitation, this Court should stay this case and allow the Delaware court to address "black letter Delaware law."  Beyond being more familiar with Delaware state law, the Delaware court has better access to the facts of that dispute,

3

which are particularly important for ruling on rescission.  "[W]hether rescission is available properly involves a fact-specific inquiry."  *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, No. CV 7906, 2014 WL 6703980, at *29 (Del. Ch. Nov. 26, 2014) (denying motion to dismiss rescission claim).  The relevant facts to the Delaware dispute—including the disputed contracts and parties to those contracts—are not in front of this Court.  Thus, the Court should allow the Delaware court to resolve this fact-specific inquiry.

*Second*, even if this Court were to find that rescission is not likely to be available in Delaware, such a decision would not be binding on the Delaware state court or on Slingshot.  A stay is the preferred approach here because granting a stay avoids "speculat[ing] about the likelihood of various outcomes in the state court proceedings."  *Neville v. Aldridge Constr., Inc.*, No. 17-CV-8929, 2018 WL 3472189, at *2 (C.D. Cal. Apr. 10, 2018) (granting stay pending proceeding to determine ownership of asserted patents).  Once the Delaware court makes the determination of patent ownership, that decision will control here.

### 3.    Monarch's State Law Contract Arguments Are Incorrect.

Monarch's state law contract arguments distort the law and the facts.  *First*, Monarch distorts Delaware law to manufacture two legal bars to rescission.  *Second*, Monarch falsely argues that Slingshot has not pled irreparable harm.  *Third*, Monarch's arguments regarding the impracticality of rescission are speculative, if not counter-factual.

*First*, contrary to Monarch's assertions, Delaware law does not prohibit third parties from seeking rescission or prohibit rescission in the absence of third party liability.  Troublingly, Monarch omits through ellipsis the very proposition it contradicts.  (D.I. 40 at 7.)  Monarch's cited treatise states that "***relief by cancellation is not necessarily confined to a party to the instrument if his or her legal and equitable rights are affected thereby***." 12A C.J.S. Cancellation of Inst. § 96 (West 2020).  And when, as here, "rescission is predicated on fraud, rather than based on

4

contract theory, privity is not essential." *Pinter v. Dahl*, 486 U.S. 622, 647 n.23 (1988) (internal citation omitted).  Delaware law similarly does not prohibit rescission in the absence of third party liability.  *See, e.g.*, *Schlosser & Dennis, LLC v. Traders Alley, LLC*, No. 5-CV-190, 2017 WL 2894845, at *9–10 (Del. Super. Ct. July 6, 2017) (denying motion to dismiss rescission claim despite no claim of third-party liability).

      *Second,* Monarch's contention that Slingshot has not alleged irreparable harm is simply untrue.  (D.I. 40 at 8.)  Slingshot pleads that it "suffered and will continue to suffer substantial damages as a result of these breaches of contract by Transpacific, ***and will be irreparably harmed if Acacia's acquisition isn't rescinded***."  (D.I. 40-2 ¶ 180; *see also id.* ¶¶ 121, 187, 195, 217, 225.) Deciding the adequacy of Slingshot's pleading is better left to the Delaware court.

      *Third*, Monarch is incorrect that practicality would preclude rescission by the Delaware court.  Monarch contends that rescission is impractical "where Acacia has since transferred the patents to Monarch; where Monarch has since invested in this lawsuit; where Transpacific may be unable to refund Acacia's purchase price; and where Slingshot has not alleged that it has the funds to buy the patents today." (D.I. 40 at 8–9.)  But the record does not support Monarch's contentions. *First*, Monarch is wholly owned by Acacia, and not a separate party that acquired the patents in an arm's length transaction.  (D.I. 35.)  *Second*, Monarch has not presented any evidence that it "invested" in this lawsuit, and Slingshot pled the opposite in Delaware. (D.I. 40-2 ¶ 112.)  *Third*, Monarch's assertion that Transpacific may not be able to refund Acacia's money is pure speculation.  *Fourth*, contrary to Monarch's assertion, Slingshot ***has*** alleged it is willing and able to buy the asserted patents.  (*Id*. ¶¶ 114, 121.)

## III.   CONCLUSION

      For the reasons stated above, Defendants request that the Court grant their motion to stay.

5

Dated: April 29, 2020

By: /s/ Tamir Packin with permission
by Michael E. Jones

Tamir Packin (*pro hac vice*)
tpackin@desmaraisllp.com
Jennifer Przybylski (*pro hac vice*)
jprzybylski@desmaraisllp.com
Ryan T. Lawson (*pro hac vice*)
rlawson@desmaraisllp.com
Raymond Habbaz (*pro hac vice*)
rhabbaz@desmaraisllp.com
William N. Yau (*pro hac vice*)
wyau@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel:  (212) 351-3400
Fax:  (212) 351-3401

Michael R. Rhodes (*pro hac vice*)
mrhodes@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

*Lead Counsel for Defendants*
*CISCO SYSTEMS, INC. and CHARTER*
*COMMUNICATIONS, INC.*

Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
POTTER MINTON, P.C.
110 North College, Suite 500
Tyler, Texas 75702
Tel:  (903) 597-8311
Fax:  (903) 593-0846

*Local Counsel for Defendants*
*CISCO SYSTEMS, INC. and CHARTER*
*COMMUNICATIONS, INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 29, 2020.

/s/ Mike E. Jones
Michael E. Jones
