**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MONARCH NETWORKING SOLUTIONS LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00015-JRG |
| CISCO SYSTEMS, INC., CHARTER COMMUNICATIONS, INC., | § § § | |
| *Defendants*. | § § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Monarch Networking Solutions LLC and Defendants Cisco Systems, Inc. and Charter Communications, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word

"CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.     With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL

---

[1]  The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking attached as Appendix A hereto and the same is served upon the Parties;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such

consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. During this ten (10) days, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, file hosting, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to

DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (*e.g.*, for notetaking or identification purposes) without reproducing any lines of source code should not be designated "RESTRICTED CONFIDENTIAL SOURCE CODE" but should be designated "RESTRICTED -- ATTORNEYS' EYES ONLY."

9.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) may be requested in writing by the Receiving Party for

specific categories of Protected Material. The parties will promptly meet and confer in good faith. In the event of a motion, the Producing Party will bear the burden to show why the requested materials should not be provided to in-house counsel.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g). The following additional restrictions apply for Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE:

(a) Access to a Party's Source Code Material shall be provided on either two "stand-alone" computer(s) or a remote thin client over a secured connection to Defendant's source code repository (that is, the computers and/or client(s) may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet other than a secured connection to Defendant's source code repository). The stand-alone computer(s) and/or client(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided below, the stand-alone computer(s) and/or client(s) may only be located at the offices of the Producing Party's outside counsel or another location mutually agreeable to the Parties;

(b) The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) and/or client(s) to normal business hours, which for purposes of this paragraph shall be 10:00 a.m. through 6:00 p.m local time, Monday through Friday (excluding holidays). However, upon reasonable notice from the receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) and/or client(s) outside of normal business hours. The Party requesting to inspect source code shall provide notice to the Producing Party of its request 14 business days in advance of the first requested inspection and three business days in advance of each subsequent requested inspection, and identify the individual(s) who will be reviewing the source code, as well as the anticipated hours of the review. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The Producing Party will make its source code available for inspection until the close of fact discovery in this matter. After the close of fact discovery, the Receiving Party may make reasonable requests to review Source Code Material, and the Parties will meet and confer regarding the request. The following requests shall be presumed reasonable and will be promptly complied with by the Producing Party absent a showing of good cause: a request to

review source code prior to an expert's deposition or trial testimony; and/or a request to review source code in order to prepare a motion or a response to a motion;

(c)     The stand-alone computer(s) and/or client(s) will be maintained in a secured room. The Producing Party may maintain a daily log of the names of persons who enter the designated facility to view the materials and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the reviewing room. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) and/or client(s) in order to access the produced Source Code Material on the stand- alone computer(s) and/or client(s). The Producing Party may visually monitor the activities of the Receiving Party's representative during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code and will not monitor what is being specifically reviewed on the source code computer's screen by the Receiving Party, nor will the Producing Party view the notes taken by the Receiving Party nor will the Producing Party log the Receiving Party's keystrokes on the source code computer or otherwise attempt to record the Receiving Party's work-product. All access to the source code shall be maintained on a source code Access Log identifying, for each and every time any source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; and (3) the date and time at which such access ended. The Producing Party will provide the Receiving Party with an unmonitored breakout room. The Receiving Party shall not be permitted to bring any materials (other than handwritten notes) from the review room into the breakout room including, but not limited to: the Note Taking Computer, the Source Code Computer, or any other device or program from the reviewing room, but can utilize other electronic devices not permitted in the review room (*e.g.*, cell phone) in the breakout room;

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) and/or client(s) as described above. If available, such Source Code Material is to be provided in native format with the original path names (e.g. TAR files with the directory tree pertinent to the produced files). Native format means electronic files containing native text not produced through any process involving optical character recognition;

(e)     The Receiving Party's outside counsel and/or experts or consultants may request that commercially available licensed software tools for reviewing and searching Source Code Material be installed on the Source Code Computer and/or client. The Receiving Party must provide the Producing Party with a CD/DVD/USB drive containing such software tool(s) or a link for downloading such software tool(s), and any necessary licenses, at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer and/or client. The Parties agree to install the following software tools without objection, provided they are compatible with the Source Code Computer's and/or client's operating system: WinRar, 7-Zip, Notepad++,

PowerGrep, QuickView+, Textpad, TrueCrypt.

(f)     In addition to the two stand-alone computers and/or clients, the Producing Party shall make available a Note Taking Computer, with a current widely used word processing program, for purposes of enabling the Receiving Party's outside counsel and/or experts to take notes relating to the Source Code Material. The Note Taking Computer shall not be connected to the Internet or used to transmit any material except as provided herein. The Receiving Party's outside counsel and/or experts may not copy any lines of Source Code Material into the notes. In addition, any such notes must be marked with the following header on each page: "RESTRICTED CONFIDENTIAL SOURCE CODE." At the end of each day during which the Receiving Party's agent takes any notes on the Note Taking Computer, the Receiving Party's agents who took the notes will sign a declaration swearing that he or she "did not copy any line of source code into my notes." Then, the Producing Party will transfer the identified file containing the notes from the Note Taking Computer to an encrypted hard drive provided by the Producing Party. The Producing Party will do so in the presence of the Receiving Party's agents and will not open the file containing the notes. With the exception of the Note Taking Computer, no recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Material review room. The encrypted hard drive containing the notes will at all times be kept in a secured, locked location. The files containing notes shall not be transferred off of the encrypted hard drive for any purpose. Any computer to which the encrypted hard drive is connected must be disconnected from all networks and much have the most up-to-date security software installed (e.g., antivirus). To the extent any computer to which the encrypted hard drive was connected becomes infected with any malware, the Receiving Party will promptly notify the Producing Party.

(g)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h)     To the extent portions of Source Code Material are quoted in a Source Code

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i)     No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(j)     The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material if such printouts and photocopies are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), or (3) necessary for deposition but shall not request paper copies for the purposes of reviewing the source code. All such printouts and photocopies shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied. Any printouts or photocopies of Source Code Material must be made on colored (*i.e.*, non-white) paper.

> Printing less than 500 pages of source code total, and no more than 50 consecutive pages of source code, shall be presumed reasonable. Requests in excess of this total are not permitted absent agreement of the Producing Party, which shall not be unreasonably withheld, or an order from the Court. In the event of a dispute, the parties will meet and confer within three business days of the objection being raised. If the parties cannot resolve the dispute, the Receiving Party will raise it with the Court. A party shall not argue in any substantive motion (*e.g.* Rule 50, Rule 56, F.R.Evid. 702) that relief should be granted because the Receiving Party failed to print relevant source code;

(k)     Such printouts or photocopies may not be transferred back to electronic media;

(l)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices or home offices of such outside counsel, consultants, or experts. The Receiving Party may also temporarily keep the printouts or photocopies at: the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(m)     A Producing Party's Source Code Material may only be transported by the

Receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(n)     If the Producing Party has elected to use the procedure set out in paragraph 10, it must provide the code or other materials to the Receiving Party in the same file format that it uses when providing the code or other materials to the Producing Party's own experts and consultants. In addition, the Producing Party's expert will be subject to the same printing restrictions as that of the Receiving Party (i.e., the Producing Party may only print for its expert pages in excess of the limits stated in paragraph 10(j) above after notifying the Receiving Party of the number of pages that it prints, and permitting the Receiving party to print the same total number of pages). Finally, the Producing Party will not send to its expert any removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") or computers containing source code.

11.     Any attorney representing Plaintiff Monarch Networking Solutions LLC, whether in-house or outside counsel, and any person associated with Plaintiff Monarch Networking Solutions LLC and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the fields of IPv4 to IPv6 and/or IPv6 to IPv4 translation or pseudo-wires. This provision does not prohibit Plaintiff Monarch Networking Solutions LLC's counsel of record or experts in this Action from participating in or representing the Party in reexamination proceedings, Post-Grant Review proceedings, *Inter Partes*

Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit, provided they (1) do not rely upon or use, directly or indirectly, DESIGNATED MATERIAL in those proceedings and (2) do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages

containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or

from the Court.

15.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does

not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such

documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. However, notwithstanding this requirement, Outside Counsel may retain DESIGNATED MATERIAL incorporated into court filings, pleadings, motions and trial briefs, written discovery responses, trial transcripts, attorney work product, and communications for archival purposes. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the

opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28.     <u>PROVISIONS APPLICABLE DURING COVID-19 DISRUPTIONS</u>. The Court has also recognized the need for special temporary procedures to address COVID-19.[3]

---

[3] *See* Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic at ¶ 4. *Available at* http://www.txed.uscourts.gov/sites/default/files/judgeFiles/COVID19%20Standing%20Order.pdf ("Trying to keep cases moving forward while prioritizing the health of individuals will sometimes lead to unconventional practices and accommodations that would not normally be accepted as appropriate. As one example, the pandemic conditions may require production of computer source code in ways that are not consistent with the producing party's normal security protocols. As another example, depositions of witnesses may need to be conducted remotely with all participants separated, which, especially for first-time witnesses unfamiliar with the process, may be an uncomfortable experience.").

(a)     Paragraph 28 applies while it is unsafe or impractical for case participants to appear in person at an out-of-state source code review and/or at depositions due to COVID-19 "stay at home orders" or other laws, regulations, or orders of a governmental or judicial body. During that time, the provisions of Paragraph 28 supersede and replace any conflicting provisions in this Protective Order. Provisions of this Protective Order that do not conflict with Paragraph 28 remain in full force and effect.

(b)     If a Party believes that one or more provisions of Paragraph 28 are no longer necessary (*e.g.* because applicable COVID-19 "stay at home orders" have been lifted) it shall notify the other Party in writing and shall specify a proposal to modify or withdraw those provisions. The parties shall thereafter promptly meet and confer in good faith. If the parties cannot reach agreement, the party requesting modification of Paragraph 28 may seek judicial intervention by complying with the procedures and timelines specified in Paragraph 18.

(c)     Depositions of a Party and of witnesses controlled by a Party shall be conducted by remote means (*e.g.* video conference). Whenever possible, depositions of third parties shall also be conducted by remote means. Parties are authorized to create and transmit electronic copies of Protected Material to the extent necessary to use such Protected Material as an exhibit during the remote deposition. To the extent Protected Material is used or discussed during a remote deposition, the parties shall make reasonable efforts to ensure the security of the remote deposition (*e.g.* by using commercially reasonable encryption). The Party noticing a deposition shall specify the platform to be used and the attorneys shall confer, if necessary, to agree

on specific procedures that may be appropriate under the circumstances.

(d)     Source code produced in discovery shall be made available for inspection without the need for traveling out of state. Except as specified below, the provisions governing source code review in Paragraph 10 shall remain in effect. The Producing Party shall have the option to monitor the Receiving Party's source code review activities via a security camera or webcam which is positioned to allow the Producing Party to see the source code reviewer, and the source code computer, but not the source code computer screen or the contents of the source code reviewer's notes. To facilitate this monitoring, the Receiving Party shall provide at least 3 days' notice to the Producing Party and indicate the date(s) and requested time(s) of the source code review sessions. The Producing Party shall furnish the Receiving Party with a note taking computer with the capabilities described in paragraph 10(h). The Receiving Party may request source code printouts by specifying in writing the file names and line numbers to be printed by the Producing Party. The Producing Party shall make a secure standalone source code computer or client of the type described in paragraph 10 above available in one of the following locations at the Receiving Party's preference: (1) the offices of its lead counsel, (2) the offices of its local counsel, or (3) at a third-party secure facility. That location must be within the same state as one of the Receiving Party's outside counsel or expert, which will allow outside counsel or expert to arrive at the location in his or her own private vehicle. Any agent of the Receiving Party conducting source code review must wear a mask and maintain social distancing for the entire duration of the review. The keyboard and mouse on the source code review computer will be cleaned with a sanitizing

agent at least 24 hours before the source code review begins. The reviewer for the Receiving Party may, but is not required to, bring his or her own keyboard and mouse to use with the source code computer or client. The producing party will also clean the Note Taking computer with a sanitizing agent at least 24 hours before the source code review begins. The reviewer for the Receiving Party may either use the Note Taking computer or bring a pen and paper on which to take notes. Both the Producing Party and Receiving Party will otherwise comply with the provisions set forth in paragraph 10 above.

## So Ordered this

**Jun 9, 2020**


_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MONARCH NETWORKING SOLUTIONS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00015-JRG |
| CISCO SYSTEMS, INC., CHARTER COMMUNICATIONS, INC., | § § § | |
| *Defendants.* | § § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I,_____, declare that:

1.      My address is_____.

My current employer is_____.

My current occupation is_____.

2.      I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.